IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYAN ANDERSON, Trustee on behalf of the PAINTERS DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, the PAINTERS DISTRICT COUNCIL NO. 30 PENSION FUND, and the PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 30 JOINT APPRENTICESHIP AND TRAINING FUND; WILLIAM NIELSEN, Trustee on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the PAINTERS DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization, <br><br>                      Plaintiffs, <br><br>   v. <br><br>BUTTERFIELD HEALTH CARE LABOR, LLC d/b/a BUTTERFIELD MECHANICAL SERVICES, an Illinois Limited Liability Company, <br><br>                      Defendant | 1:18-cv-2053 |

**COMPLAINT**

    1.    This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), to collect delinquent employee benefit fund contributions, union dues, and assessments disclosed by an audit.

**Jurisdiction and Venue**

    2.    This Court has subject matter jurisdiction under 29 U.S.C. §§ 185(c) and 1132(e)(1).

3.  Venue in this Court is conferred by 29 U.S.C. §§ 185(a) and 1132(e)(2), because the Funds are administered in this judicial district, and the Union and Defendants transact business in this judicial district.

**Parties**

4.  The Painters District Council No. 30 Health and Welfare Fund ("Health and Welfare Fund"), the Painters District Council No. 30 Pension Fund ("Pension Fund"), the Painters and Allied Trades District Council No. 30 Joint Apprenticeship and Training Funds ("Apprenticeship and Training Fund"), and the Northern Illinois Painting and Drywall Institute ("NIPDI" or "Employer's Industry Fund") (collectively "Funds"), are employee benefit trusts and/or plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

5.  Plaintiff Ryan Anderson is a fiduciary and trustee of the Pension Fund, the Health and Welfare Fund, and the Apprenticeship and Training Fund.

6.  Plaintiff William Nielsen is a fiduciary and trustee of NIPDI.

7.  ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

8.  Plaintiff Painters District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO ("Union"), is a labor organization representing employees in an industry affecting commerce, as defined by LMRA § 301(a), 29 U.S.C. § 185(b). Pursuant to the applicable collective bargaining agreement and LMRA § 301, 29 U.S.C. § 185(a), the Union is entitled to collect dues, wages, and assessments and contributions to the Painters District Council No. 30 Organization and Defense Fund ("Defense Fund"), the Painters District Council No. 30 Labor-Management Industry Development Fund ("LMIDF") the Painters and Allied Trades

Labor-Management Cooperation Initiative ("LMCI" or "P&AT"), and the International Union of Painters and Allied Trades Finishing Trades Institute ("International Apprenticeship Fund"), from employers on behalf of employees covered by one or more collective bargaining agreements.

9. Defendant Butterfield Health Care Labor, LLC d/b/a Butterfield Mechanical Services ("Butterfield") is an Illinois Limited Liability Company with its principal place of business in Naperville, Illinois. Butterfield is and was at all relevant times engaged in an industry affecting commerce as defined by LMRA § 301(a), 29 U.S.C. § 185(a), and is and was at all relevant times an "employer" as defined by ERISA § 3(5), 29 U.S.C. § 1002(5).

## Specific Allegations

10. The Funds are third-party beneficiaries of collective bargaining agreements ("CBAs") entered into between the Union and employers in the painting and drywall industry, such as Butterfield.

11. Butterfield has at all relevant times been bound by a CBA with the Union since at least July 1, 2016 through the present.

12. The CBA requires Butterfield to pay contributions to the Funds for covered bargaining-unit work performed by employees and to check off and remit dues and assessments to the Union for those employees, and to pay wages to those employees.

13. Pursuant to the CBA, Butterfield agreed to adopt and be bound by the provisions of the Funds' Trust Agreements and the rules and regulations promulgated by the Funds' Trustees under the Trust Agreements. The Trust Agreements require employers to pay continuing and prompt contributions to the Funds for work performed by covered employees in accordance with the applicable CBA.

14. Plaintiffs rely upon a self-reporting system that requires participating employers to advise Plaintiffs monthly of the identity of the employees for whom contributions, dues, and assessments are owed, identify each hour or portion thereof worked by and gross wages paid to those employees, and remit the amounts owed to the Funds and Union for those employees.

15. ERISA § 515, 29 U.S.C. § 1145, requires employers bound to make employee benefit contributions to honor their contractual obligations.

16. The CBAs and Trust Agreements require participating employers to provide the Funds and Union with access to their books and records and those of their affiliated or related companies upon demand, so Plaintiffs can verify the accuracy and completeness of the hours worked by and gross wages paid to covered employees reported to the Funds and Union, and the corresponding contributions, dues, and assessments paid to the Funds and Union.

17. According to an audit of Butterfield's books and records, it breached the provision of ERISA, the LMRA, the CBA, and the Trust Agreements by failing to pay a principal obligation of $71,257.93 to the Funds and Union for the period October 1, 2016 through December 20, 2017 ("Audit Period").

18. Pursuant to the CBA and LMRA § 301(a), 29 U.S.C. § 185(a), the Union is entitled to collect dues and assessments owed to it, contributions owed to Defense Fund, the LMCI, the LMIDF, and the International Apprenticeship Fund, and wages. The CBA provides that delinquent contributions shall be assessed interest, liquidated damages, and attorneys' fees and costs as established by the Funds' Trustees.

19. Pursuant to the CBA, the Trust Agreements, and ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, Butterfield is liable to the Funds and the Union for contributions, interest, the greater of interest or liquidated damages, and attorney's fees and costs, dues,

4

assessments, and wages.

## **Relief**

**WHEREFORE,** Plaintiffs request the following relief:

(A) A judgment in Plaintiffs' favor and against Defendant for:

    (i) all the delinquent contributions at the interim contribution rates that are owed for the Audit Period, plus union dues, assessments, and wages;

    (ii) interest on the delinquent contributions;

    (iii) an amount equal to the greater of the interest on the delinquent contributions or liquidated damages of twenty percent (20%) of the delinquent contributions at the interim contribution rates; and

    (iv) attorney's fees and costs, including audit costs, incurred by Plaintiffs in connection with this action.

(B) That this Court retain jurisdiction of this cause pending compliance with its orders.

(C) For such further or different relief as this Court may deem proper and just.

Respectfully Submitted,

/s/ William W. Leathem
William W. Leathem
*Attorney for Plaintiffs*
Jacobs Burns Orlove & Hernandez
150 N. Michigan Avenue Suite 1000
Chicago, IL 60601
Office: (312) 372-1646
Fax: (312) 726-3887
wleathem@jbosh.com